UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 11, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Sholanda H. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1881-CDA

Dear Counsel:

On July 13, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 11) and the parties' dispositive filings[2] (ECFs 12, 13, 20). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further analysis.

## I.   PROCEDURAL BACKGROUND

On July 9, 2020, Plaintiff applied for disability insurance benefits. Tr. 27. She alleged a disability onset of October 17, 2019. *Id.* The claim was denied initially and on reconsideration. *Id.* On May 4, 2022, an Administrative Law Judge ("ALJ") held a hearing. *Id.* On September 27, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 24–43. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision is the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R.

---

[1] The Court substitutes Martin O'Malley, the current Commissioner of the Social Security Administration, as Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff styled her dispositive filing as a Motion for Summary Judgment, *see* ECF 12, and Defendant filed a brief, *see* ECF 20.

*Sholanda H. v. O'Malley*
Civil No. 23-1881-CDA
July 11, 2024
Page 2

§ 404.1520. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 17, 2019, the alleged onset date." Tr. 29. At step two, the ALJ found that Plaintiff "has the following severe impairments: right shoulder rotator cuff impingement/AC joint arthrosis, diabetes mellitus, obesity, depression, and anxiety." *Id.* The ALJ also determined that Plaintiff's "hypertension, migraines, acid reflux, GERD, pancreatitis, right hip pain, lumbar sciatica/radiculopathy, and cervical radiculopathy" were non-severe. Tr. 30. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of" a listed impairment. *Id.* The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. She can frequently balance and occasionally stoop, kneel, crouch, and crawl. She is limited to occasional use of the right upper extremity for overhead reaching and frequently use for reaching in all other directions. She is limited to frequently use of the right upper extremity for fine fingering or grasping/handling of small objects. She must avoid work at unprotected heights. The claimant is able to understand, remember, and carry out simple instructions and routine, repetitive tasks. She is able to make occasional work-related decisions. She must avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work the others). She is able to perform work activities for up to 2-hours at a time, but would then become distracted, causing her to be off-task. However, time off task can be accommodated with normal breaks. She is occasionally able to change activities or work settings during the workday without being disruptive and occasionally able to deal with changes in a routine work setting.

Tr. 32. The ALJ found that Plaintiff was unable to perform her past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 36. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 37.

### III.    LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In

conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.   ANALYSIS

Plaintiff argues that remand is warranted because the ALJ failed to properly evaluate the medical opinion of Dr. Daniel Ezidiegwu. ECF 13, at 7. Defendant counters that the ALJ "was justifiably unpersuaded by Dr. Ezidiegwu's [opinion] and reasonably found that Plaintiff could perform a range of light exertional work." ECF 20, at 6.

When assessing a claim filed on or after March 27, 2017, an ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" in the record. 20 C.F.R. § 404.1520c(b). Because "[t]he factors of supportability . . . and consistency . . . are the most important factors" in this analysis, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions" in their decision. *Id.* § 404.1520c(b)(2). Relevant to this case, supportability refers to "the objective medical evidence and supporting explanations provided by a medical source" to support the source's opinion. *Id.* § 404.1520c(c)(1).

Here, in assessing the supportability of Dr. Ezidiegwu's opinion, the ALJ observed that Dr. Ezidiegwu "simply checked boxes without providing support [for] his opinion beyond listing a few symptoms." Tr. 35. However, the record belies this contention. Dr. Ezidiegwu's opinion makes clear that it is "based upon" several sources of "objective evidence," including "[i]maging, diagnostic and therapeutic injections, [and] physical exam findings." Tr. 1922. Given this, the ALJ rejected the opinion based on the incorrect premise that the opinion offered no support for its conclusions. Because this finding is not based on "evidence which a reasoning mind would accept as sufficient," it is not supported by substantial evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The ALJ's failure to support this finding with substantial evidence was consequential. Among other things, Dr. Ezidiegwu opined that Plaintiff could not stand or walk for more than two hours per day. Tr. 35. If deemed persuasive, these findings would impact Plaintiff's RFC and could also impact the finding reached at step five. The Court will therefore remand this case to ensure that Dr. Ezidiegwu's opinion is properly evaluated.[3]

### V.   CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

---

[3] In remanding for further analysis, the Court expresses no opinion on the ultimate merits of Plaintiff's disability claim.

*Sholanda H. v. O'Malley*
Civil No. 23-1881-CDA
July 11, 2024
Page 4

    Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                                                  Sincerely,

                                                  /s/

                                                Charles D. Austin
                                                United States Magistrate Judge