UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
TELEPHONE (410) 962-7810
MDD_CDACHAMBERS@mdd.uscourts.gov

May 21, 2025

LETTER TO ALL COUNSEL OF RECORD

RE: *Sholanda H. v. Commissioner of Social Security Administration*
Civil No.: 23-1881-CDA

Dear Counsel:

Pursuant to the Equal Access to Justice Act ("EAJA"), Plaintiff, through Counsel, Jason McCaul, filed a motion seeking payment of $7,732.84 in attorney's fees, based on 28.6 hours of attorney time in 2023 at $243.13 per hour, 1.0 hours of attorney time in 2024 at $249.32 per hour, and 5.3 hours of paralegal time at $100.00 per hour. ECF No. 23, at 1; ECF No. 23-1, at 2. The Commissioner opposes Plaintiff's motion and suggests that the fees be reduced to $ 3,949.02. ECF No. 25, at 1. Plaintiff filed a reply and requested "an additional 4.3 hours at $249.32 per hour" for preparing the reply, which brings the total fee requested to $8,804.92. ECF No. 26, at 9. The undersigned has considered the relevant filings and finds that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $4,927.73 in fees.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412).

Once it "determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id*. at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Furthermore, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Supreme Court explains that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. at 434. Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Id*. Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the length of the administrative record, (3) the experience and skill of the attorney, and (4) the typical range of compensated hours in Social Security cases. *See Roth v. Comm'r, Soc. Sec.*, No. SAG-14-62, 2015 WL 567168, at *2-3 (D. Md. Feb. 10, 2015). Billing hours deemed reasonable by courts in Social Security appeals often fall the range of twenty to forty hours. *See Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022).

Here, the Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA, nor does the Commissioner challenge the hourly rate proposed.[1] ECF No. 25, at 1. However, the Commissioner argues that Plaintiff's fee request is unreasonable because this case involves a single, commonly litigated issue and the billing entries include non-compensable clerical time as well as excessive time spent reviewing certified administrative record. *Id*. at 4.

The Commissioner first seeks to reduce Plaintiff's request for non-compensable clerical time. It argues that the 1.5 hours that the paralegals spent on calls with Plaintiff concerning a federal debt check, explaining EAJA, IFP assessment, an explanation of Plaintiff's brief, and the remand process time, are routine administrative matters in Social Security cases relating to the attorney-client relationship that are non-compensable. *Id*. at 5. "While the government need not pay for administrative matters related to the attorney-client relationship, *see Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) (finding drafting a firm engagement letter to be non-compensable), explaining to a client her rights under the EAJA, her eligibility for in forma pauperis status, and the remand process should she prevail" is compensable, *Martin v. Kijakazi*, 689 F. Supp. 3d 218, 227–28 (E.D. Va. 2023). Therefore, the 1.5 hours paralegal time is compensable. However, 1.5 hours billed for processing files from a referral source, preparing contract and other related documents, as well as reviewing for completion are non-compensable. ECF No. 23-5, at 2 Moreover, time spent to "combine, strip PDF/A, OCR and live bookmark federal court transcript" is non-compensable. *See*, *e.g*., *Eric S. v. Comissioner, Soc. Sec. Admin.*, No. 1:21-CV-000126-LTW, 2023 WL 11909783, at *3 (N.D. Ga. Sept. 14, 2023). Thus, the 2.3 hours a paralegal expended to "[c]ombine, OCR & live bookmark Federal Court transcript (2362 pages)" (ECF No. 23-5, at 2) is non-compensable. Therefore, Plaintiff's request will be reduced by 3.8 hours of paralegal time.

The Commissioner also challenges time Plaintiff's counsel spent on reviewing of the certified administrative record (also known as CAR or transcript). ECF No. 25, at 7-8. The record of this case is 2,362 pages long, and about 2,000 pages are medical records. ECF No. 11. The Commissioner seeks a reduction from 22.0 attorney hours for "'review of certified administrative

---

[1] The parties do not seem to dispute (1) that none of the issues presented in this case is particularly novel or complex; and (2) that the billing attorneys are skilled and experienced in in Social Security appeals. ECF No. 23-1, at 2; ECF No. 25, at 3.

record, take notes', and 'finish review of CAR, taking notes.'" ECF No. 25, at 7. Citing studies of reading speed for adults, Plaintiff's counsel argues that "the time billed for review of this large record [is] entirely reasonable." ECF No. 26, at 4.

However, the Social Security Administrative Record is routinely produced electronically in Social Security appeal cases, and the electronic files filed in each case are normally organized, indexed, and labelled following a standard format. For example, the exhibit numbers for medical records usually begin with 1F, 2F, etc.; the exhibit numbers for documents concerning non-disability related development, such as earning records, usually begin with 1D, 2D, etc. ECF No. 11. Moreover, each set of records begins with a coversheet which includes a list of exhibits, and each exhibit has a number, a description (which also serves as a hyperlink to that exhibit), page range, and number of pages. *See*, *e.g.*, ECF No. 11-8, at 1. Many administrative documents produced by the SSA follow a specific format, as do ALJ opinions, which normally include a five-step sequential evaluation process for determining whether an individual is disabled. Most, if not all, of the files are searchable. Furthermore, the undersigned notes that about half of the 2,000-page medical records are from one medical facility, and many of the records for Plaintiff's visits are nearly similarly formatted containing nearly identical fields. ECF No. 11. Therefore, a legal professional ordinarily skilled in Social Security appeals can locate pertinent files or information without thoroughly review every page of the entire record. *Martin v. Kijakazi*, 689 F. Supp. 3d at 230 (granting a reduction "reflecting one minute of compensation per four pages of the record" and noting that "[n]ot every page of the record requires a thorough review by counsel, and many require no more than a cursory glance"). A reduction of attorney hours related to reviewing the record is warranted and will reduce Plaintiff's request by 11.0 hours.

Last, with respect to the time billed for the reply, the Plaintiff will be awarded 1.0 attorney hour. *See, e.g.*, *April. J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *4 (D. Md. Sept. 2, 2022) (awarding one hour for time spent responding to the Commissioner's opposition concerning Plaintiff's EAJA fee motion).

With the above-noted reductions of attorney time and paralegal time, the result is a final award of $4,927.73 in total:

- 17.6 hours of attorney time ($243.13/hour) in 2023:  $4,279.09
- 2.0 hours of attorney time ($249.32/hour) in 2024:  $498.64
- 1.5 hours of paralegal time ($100.00/hour): $150.00

The reduced award falls within the range of recent EAJA fee awards in cases with a similar procedural posture. *See Iris C. v. Kijakazi*, No. BAH-21-3183, 2023 WL 5629644, at *1 (D. Md. Aug. 31, 2023) (mentioning an award of $4,904.82 under EAJA); *Ellen C. v. Kijakazi*, No. SAG-22-1698, 2023 WL 4490457, at *1 (D. Md. July 12, 2023) (awarding $5,824.78); *Shecona W. v. Kijakazi*, No. 21-819-SAG, 2023 WL 195471, at *3 (D. Md. Jan. 17, 2023) (quoting *Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022)) (awarding $4,941.85); *see also Catisha W.*, 2022 WL 16839564, at *3 (awarding $4,500.47 on November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22); *Yuvetta P. v.*

*Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20).  There being no argument or suggestion that the issues in this case are novel and/or complex, the Court finds no reason the EAJA fee here should reach or exceed the high end of this range.

For these reasons, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART and Plaintiff will be awarded $4,927.73 in fees.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge